UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| ANTWAUNE GUEST, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No.    CV611-130 |
| | ) |                     CR610-004 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Antwaune Guest, who pled guilty to possession of a firearm as a convicted felon, moves for 28 U.S.C. § 2255 relief. (Doc. 1.[1]) He claims that he was misinformed as to the elements of the offense of conviction and that his attorney, Robert Clayton Hughes, III, rendered deficient performance at sentencing by failing to object to his classification as an armed career criminal. (Doc. 1 at 4-5.) The government, however, contends that Guest's motion is barred, since he waived his rights to appeal and collaterally attack his conviction and sentence. (Doc. 3 at 5-10.)

---

[1] Unless otherwise noted, citations are to the docket in movant's civil case, CV611-130. "Cr. doc." refers to documents filed under movant's criminal case, CR610-004.

Guest's plea agreement contains the following provision:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court. The defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

(Cr. doc. 37 at 6-7.) The Court must determine whether the waiver is valid and then determine its effect on Guest's motion.

"A plea agreement is 'a contract between the Government and a criminal defendant.'" *Thompson v. United States*, 353 F. App'x 234, 235 (11th Cir. 2009) (quoting *United States v. Howle*, 166 F.3d 1166, 1168 (11th Cir. 1999)). Hence,

> it should be given the interpretation that the parties intended. *United States v. Rubbo*, 396 F.3d 1330, 1335 (11th Cir. 2005)). . . . . "[T]he defendant's knowledge and understanding of the sentence appeal waiver is one of the components that constitutes the 'core concern' of the defendant's right to be aware of the direct consequences of his guilty plea." *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)

2

> (internal quotation marks omitted). To demonstrate that a sentence-appeal waiver is sufficiently knowing and voluntary to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the colloquy; or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Id.*

*Thompson*, 353 F. App'x at 235; *United States v. Ruff*, 2011 WL 205382 at *1 (11th Cir. Jan. 5, 2011). As to § 2255 collateral bars,

> "[a]t a minimum, the would-be petitioner must know at the time of the guilty plea that the right to federal habeas review exists, and he must realize he is giving up that right as part of his plea bargain." *Allen v. Thomas*, 161 F.3d 667, 670 (11th Cir. 1998). When a valid sentence-appeal waiver containing express language waiving the right to attack a sentence collaterally is entered into knowingly and voluntarily, it will be enforceable and serve to prevent a movant from collaterally attacking a sentence on the basis of ineffective assistance of counsel. [*United States v.*] *Williams*, 396 F.3d [1340, 1342 (11th Cir. 2005)].

*Thompson*, 353 F. App'x at 235.

Guest never contests the government's assertion that the waiver was knowingly and voluntarily entered. He could not win such a claim in any event. The waiver itself explicitly referenced § 2255 proceedings and noted that Guest would be forever barred from challenging his conviction and sentence under that statute. (Cr. doc. 37 at 6-7.) He signed the plea

3

agreement (*id.* at 8) and testified at the hearing that he had read it, reviewed it with counsel, and understood it (cr. doc. 43 at 25-29). Moreover, the judge discussed the appeal and collateral waiver at length during movant's Rule 11 hearing:

> *Q.* Now, you are giving up your right to complain on appeal. Do you understand that?
>
> *A.* Yes, sir.
>
> *Q.* You may not complain about Mr. Hughes, [the Assistant United States Attorney], or the Court, or these other people who might have been involved. You are saying you were treated fairly, and all of your[] rights were accorded to you. Do you believe that?
>
> *A.* Yes, sir, I do.
>
> *Q.* All right. The right to appeal is an important right. If I sentence you within the guidelines, you may not complain or appeal to another court about any matter, [or pursue] what we call a collateral attack. That is something outside of the courtroom; maybe the way your lawyer represented you or the misconduct of anybody associated like a grand jury member o[r] a police officer. You are losing your right to complain about any of those matters. Do you understand that?
>
> *A.* Yes, sir.

(Cr. doc. 43 at 28-29.) Guest's "solemn declarations" before the district judge that he understood the rights he waived "carr[ies] a strong presumption of verity" and rightly constitutes a "formidable barrier" to

4

overcome in these collateral proceedings. *Cross v. United States*, 2009 WL 211418 at * 8 (S.D. Ga. Jan. 27, 2009) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Finally, he was sentenced within the range set by the United States Sentencing Guidelines, so he cannot claim the waiver's exception.[2] (Cr. doc. 45 at 11.) Based upon the totality of the record, the Court is satisfied that he "understood the full significance of the waiver." *Bushert*, 997 F.2d at 1351. Since the waiver is effective, Guest's claim regarding the alleged ineffectiveness of his attorney at sentencing (Ground Two) is barred.

In Ground One, Guest suggests that his plea was invalid because he was misinformed about the elements of the offense to which he pled guilty. Although he does not frame this ground as an ineffectiveness of counsel claim, it is well established that such challenges are permissible

---

[2] Initially, Guest was told that he faced a statutory maximum sentence of 10 years' imprisonment (Cr. doc. 2), and the Court advised him accordingly at the initial change of plea hearing. (Cr. doc. 43 at 21.) Over the course of the proceedings, however, the Court learned that Guest actually faced prosecution as an Armed Career Criminal under 18 U.S.C. § 924(e), which mandated a 15-year minimum sentence. Consequently, the Court held a second plea hearing where it advised Guest of the increased statutory range and offered him the opportunity to withdraw his plea and go to trial. (Cr. doc. 44.) Guest chose to re-enter his plea rather than face the uncertainty of trial. (*Id.* at 32.) Since the statutory minimum under § 924(e) (180 months) exceeded the recommended Guidelines range, the Guidelines deferred to the statutory minimum. U.S.S.G. § 5G1.1(b). Guest was sentenced accordingly.

despite a valid collateral appeal waiver. *See Patel v. United States*, 252 F. App'x 970, 974 (11th Cir. 2007). But since the claim could have been raised on direct appeal and was not, it is procedurally defaulted. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004). The claim fails in any event since it is unsupported by any factual assertions that could lead to a finding that he was misadvised about the elements of the offense.[3] (Guest does reference a "supporting memorandum (doc. 1 at 4), but no such document was ever filed with the Court.) Such conclusory claims do not merit a hearing, much less any relief. *See Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)) (no hearing, much less § 2255 relief, based upon self-serving and conclusory claims); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory

---

[3] The record refutes such an assertion, as Guest affirmed that he read and understood the plea agreement, which laid out the elements of the offense in specific detail. (Cr. doc. 43 at 25-26; cr. doc. 37 at 2 (plea agreement).) Additionally, the Court explained the offense elements during the original change of plea hearing. (*Id.* at 21-22.)

6

allegations).[4]

For all of the reasons explained above, Guest's § 2255 motion should be **DENIED**. Moreover, applying the Certificate of Appealability ("COA") standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue.  28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving sua sponte denial of COA before movant filed a notice of appeal).  And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 27th day of August, 2012.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] In any event the record supports a finding that Guest's plea was knowingly and voluntarily entered.

7